1 NICHOLAS J. BOOS (SBN 233399)
nboos@maynardcooper.com
2 NORMAN LAU (SBN 253690)
nlau@maynardcooper.com
4 MAYNARD, COOPER & GALE, LLP
600 Montgomery Street, Suite 2600
5 San Francisco, CA 94111
Telephone: (415) 646-4700
6 Facsimile: (205) 254-1999

7 Attorneys for Defendants
LIBERTY MUTUAL INSURANCE COMPANY and
8 WEST AMERICAN INSURANCE COMPANY

9 J. EDWARD KERLEY (SBN 175695)
DYLAN L. SCHAFFER (SBN 153612)
10 CHRISTOPHER CARLING (SBN 254166)
KERLEY SCHAFFER LLP
11 1939 Harrison Street #500
Oakland, CA 94612
12 Telephone: (510) 379-5801
Facsimile: (510) 228-0350
13
Attorneys for Plaintiff
14 NGU HAHN SON, INC. dba: CHO SENTER MARKET

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NGU HAHN SON, INC. dba: CHO SENTER MARKET, a California Corporation<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, a corporation, WEST AMERICAN INSURANCE COMPANY, and DOES 1 through 20,<br><br>　　　　Defendants. | CASE NO. 3:19-cv-00499-RS<br><br>**JOINT STIPULATION AND ORDER TO VACATE TRIAL DATE AND PRETRIAL DEADLINES** |

As indicated in the parties' recently filed joint case management conference statement (ECF. 39), Plaintiff Ngu Hahn Son, Inc. dba: Cho Senter Market and Defendants Liberty Mutual Insurance Company and West American Insurance Company, through undersigned counsel of record, submit this stipulation and proposed order to vacate the dates presently scheduled in this action, and to discuss the setting of new dates at the June 18, 2020 case management conference. The reason for this stipulation and proposed order is that, as set forth below, the parties are unable to complete significant remaining depositions by the current June 12, 2020 discovery cut off due to travel restrictions and work restrictions caused by the coronavirus (COVID-19) pandemic.

WHEREAS, on June 13, 2019, the Court issued its case management scheduling order in this case (ECF 25);

WHEREAS, the Court's scheduling order set forth the following case schedule:

    Completion of non-expert discovery: February 27, 2020

    Initial Expert Disclosures:          March 19, 2020

    Rebuttal Expert Disclosures:       April 9, 2020

    Completion of expert discovery:     April 30, 2020

    Deadline to Hear Pretrial Motions:  July 16, 2020

    Pretrial Conference:              September 16, 2020

    Trial:                               September 28, 2020

WHEREAS, due to the trial calendars of counsel, the number and location of witnesses whose depositions remained to be taken, including out of state witnesses, and the unavailability of counsel due to other trials, the parties submitted a joint stipulation on January 27, 2020 requesting the Court extend certain discovery deadlines. (ECF 28.)

WHEREAS, on January 30, 2020, the Court granted the parties' stipulated request and set new discovery deadlines as follows (ECF 30):

    Completion of non-expert discovery: April 10, 2020

    Initial Expert Disclosures:          April 24, 2020

    Rebuttal Expert Disclosures:       May 8, 2020

Completion of expert discovery: May 29, 2020

WHEREAS, on March 10, 2020, the parties again stipulated to extend the case schedule and trial date in light of the emerging coronavirus pandemic and schedules (ECF 36), and on March 11, 2020, the Court ordered (ECF 37) a new schedule as follows:

Completion of non-expert discovery: June 12, 2020

Initial Expert Disclosures: June 26, 2020

Rebuttal Expert Disclosures: July 10, 2020

Completion of expert discovery: July 24, 2020

Deadline to Hear Pretrial Motions: September 3, 2020

Pretrial Conference: November 4, 2020

Trial: November 16, 2020

WHEREAS, the parties have completed some depositions but additional depositions remain to be taken, including out of state depositions;

WHEREAS, after the Court's order modifying the scheduling order was entered, six San Francisco Bay Area Counties issued a shelter in place order (the "COVID Order") on March 16, 2020, which order was extended to the entire state of California by Governor Gavin Newsom on March 19, 2020 for an indefinite duration;

WHEREAS, the pandemic and COVID Order, which requires all Californians to say in their homes with limited exceptions, impedes the parties' ability to conduct discovery including scheduling and taking depositions;

WHEREAS, other states where witnesses in this case are located have instituted similar orders in response to the coronavirus pandemic;

WHEREAS, it is unknown how long the various orders will remain in place in light of continuing developments as the coronavirus pandemic continues across the country;

WHEREAS, in light of the foregoing, the parties agree that it is unknown when the parties will be able to resume depositions;

| | |
|---|---|
| 1 | WHEREAS, it is apparent that the parties will not be able to complete all depositions by the June 12, 2020 discovery cut off due to the complications and delay burdening the discovery process as a result of the coronavirus pandemic and the COVID Order; |
| 5 | WHEREAS, extending the discovery deadlines in this case to allow sufficient time to complete all remaining depositions and to complete expert discovery would impact other dates set by the Court, including the deadline to hear dispositive motions, which would in turn affect the date of the pretrial conference and trial; |
| 9 | WHEREAS, good cause exists to modify the scheduling order because the parties are unable to complete discovery to adequately prepare for trial in light of the exigencies caused by the coronavirus pandemic and the COVID Order; |
| 12 | WHEREAS, on March 27, 2020, the Court continued a case management conference in this case to June 18, 2020 (ECF 40); |
| 14 | WHEREAS, there may be more clarity regarding the coronavirus pandemic by June 18, 2020. |
| 15 | THEREFORE, the parties, by and through their respective counsel of record, agree and stipulate and respectfully request the Court's approval as follows: |
| 17 | That the current case schedule, including the pre-trial conference and trial, be vacated; |
| 18 | That the Court re-set all dates during the June 18, 2020 case management conference. |
| 19 | IT IS SO STIPULATED. |

Dated: April 3, 2020                                                MAYNARD, COOPER & GALE, LLP

/s/ Nicholas J. Boos
NICHOLAS J. BOOS
NORMAN LAU
Attorney for Defendants
LIBERTY MUTUAL INSURANCE COMPANY
and WEST AMERICAN INSURANCE
COMPANY

| | |
|---|---|
| Dated: April 3, 2020 | KERLEY SCHAFFER LLP |
| | /s/ Dylan L. Schaffer<br>J. EDWARD KERLEY<br>DYLAN L. SCHAFFER<br>CHRISTOPHER CARLING<br>Attorney for Plaintiff<br>NGU HAHN SON, INC. dba: CHO SENTER MARKET |

Pursuant to Stipulation, and good cause appearing, all dates presently set is this case are vacated, to be re-set at a later date.

IT IS SO ORDERED.

DATED: April 6, 2020        _____
                               HON. RICHARD SEEBORG
                               UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
COUNTY OF SAN FRANCISCO  )

I am employed in the County of San Francisco, States of California. I am over the age of 18 and am not a party to the action. My business address is Maynard, Cooper & Gale, LLP, 600 Montgomery Street, Suite 2600, San Francisco, CA 94111. On the date indicated below I served the foregoing documents described as:

**JOINT STIPULATION AND [PROPOSED] ORDER TO VACATE TRIAL DATE AND PRETRIAL DEADLINES**

**[X] BY CM/ECF ELECTRONIC SERVICE:** The interested party(ies) set forth below are registered CM/ECF users with the Court, and have consented to service through the Court's automatic transmission of a notice of filing.

Dylan L. Schaffer
Christopher Carling
J. Edward Kerley, Jr.
KERLEY SCHAFFER LLP
1939 Harrison Street, Suite 500
Oakland, CA 94612

Attorneys for Plaintiff
NGU HAHN SON, INC. dba: CHO SENTER MARKET

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on April 3, 2020 at San Francisco, CA.

_____
Brian Day